Michele R. Stafford, Esq. (SBN 172509)
Matthew P. Minser, Esq. (SBN 296344)
Eric K. Iwasaki, Esq. (SBN 256664)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, California  94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: mminser@sjlawcorp.com
Email: eiwasaki@sjlawcorp.com

Attorneys for Plaintiffs, Boards of Trustees of
the San Diego Electrical Pension Trust, et al.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO ELECTRICAL PENSION TRUST AND ITS BOARD OF TRUSTEES;<br><br>SAN DIEGO ELECTRICAL HEALTH & WELFARE TRUST AND ITS BOARD OF TRUSTEES;<br><br>ANDY BERG and JEREMY ABRAMS, Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>TFC, INC., a Nevada Corporation dba FREEMAN ELECTRICAL SERVICES; FREEMAN EXPOSITIONS, INC., a Texas Corporation; FREEMAN EXPOSITIONS, LLC, a Texas Limited Liability Company; THE FREEMAN COMPANY, LLC, a Nevada Limited Liability Company; and DOES 1 through 20,<br><br>Defendants. | Case No.  **'20CV0148 JAH  RBB**<br><br>**COMPLAINT** |

<u>Parties</u>

1.     The San Diego Electrical Pension Trust ("Pension Fund") and the San Diego Electrical Health & Wealth Trust ("Health Fund") are employee benefit plans as defined in the Employee

1

**COMPLAINT**
**Case No.**

1. Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA §3(37)(A) (29 U.S.C. §1002(37)(A)). Andy Berg and Jeremy Abrams are Trustees of the Trust Funds with authority to act on behalf of all Trustees. The Board of Trustees of the San Diego Electrical Pension Trust and The Board of Trustees of the San Diego Electrical Health & Wealth Trust are authorized to bring suit and collect monies for all Plaintiffs, including all other funds to which Defendants are obligated to contribute under the Collective Bargaining Agreement(s) described below. These Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. The Pension Fund and the Health Fund are authorized by the respective Boards of Trustees of the San Diego Electrical Training Trust (Joint Apprenticeship and Training Fund), San Diego Electrical Annuity Plan, National Electrical Industry Fund, Education and Manpower Development Trust, and the Labor-Management Cooperative Fund (each a 'Trust Fund" and collectively the "Trust Funds" or the "Bargainined Entities"), to receive and collect contributions on behalf of these Trust Funds. Additionally, the Pension Fund, and the Health Fund are authorized by the International Brotherhood of Electrical Workers Local 569, ("IBEW 569" or the "Union") to receive and collect union dues on behalf of IBEW 569.

3. The Pension Fund, the Health Fund, the San Diego Electrical Training Trust, and the San Diego Electrical Annuity Plan are jointly administered labor-management trust funds which were created and maintained pursuant to LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)). These Trust Funds are multi-employer plans within the meaning of ERISA §§ 3(37)(A) and 515 (29 U.S.C. §§ 1002(37)(A) and 1145). These Trust Funds are, and at all times relevant herein were, duly organized and operating in this state, administered in San Diego County.

4. The Education and Manpower Development Trust, the Labor-Management Cooperative Fund, and the International Brotherhood of Electrical Workers Local 569, are entities created by the International Brotherhood of Electrical Workers and/or the National Electrical Contractors' Association for the benefit of their members and are and at all times relevant herein were, duly organized and operating in San Diego County, in the State of California.

**COMPLAINT**
**Case No.**

5. TFC, Inc. a Nevada Corporation, doing business as Freeman Electrical Services (hereinafter "TFC"), Freeman Expositions, Inc., a Texas Corporation (hereinafter "Freeman Expositions Inc."), Freeman Expositions, LLC, a Texas Limited Liability Company (hereinafter "Freeman Expositions LLC"), and The Freeman Company, LLC, a Nevada Limited Liability Company (hereinafter "The Freeman Company") ("Defendants"), are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

6. Plaintiffs are unaware of the true names, capacities, or basis for liability of defendants DOES 1 through 20, Inclusive, and therefore sue(s) said defendants by their fictitious names. Plaintiff(s) will amend this complaint to allege their true names, capacities, or basis for liability when the same has been ascertained. Plaintiffs are informed and believe and thereon allege that defendants DOES 1 through 20, inclusive, and each of them, are in some manner liable to Plaintiff(s), or claim some right, title, or interest in the subject property that is junior and inferior to that of Plaintiff(s), or both.

### Jurisdiction

7. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

8. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

9. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

10. Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs'

discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in San Diego, California. Thus, jurisdiction and venue are properly grounded with this Court.

11. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

## Bargaining Agreements

12. Defendant TFC, through Ian Kerry, its Senior Vice President, entered into an agreement entitled Letter of Assent, and by this Letter of Assent, agreed to be bound by a collective bargaining agreement known as the the "Inside Agreement" (Inside Wireman's Agreement) between the San Diego Chapter, NECA and Local Union 569, IBEW. The Letter of Assent and Inside Agreement are referred to collectively as the "Bargaining Agreements." Mr. Kerry's signature on behalf of Defendant TFC is dated November 20, 2004.

13. The Bargaining Agreements require employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreements. Plaintiffs are third party beneficiaries of the Bargaining Agreements.

14. Under the Bargaining Agreements and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreements and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth (15th) day of the month following the month the hours were worked, and are considered delinquent if not received by that day. Defendants are also required, pursuant to the Bargaining and Trust Agreements, and ERISA to pay liquidated damages for each delinquent contribution. Moreover, the Bargaining and Trust Agreements, and ERISA provide that interest accrues on delinquent contributions from the day contributions become delinquent, until

paid. The Bargaining and Trust Agreements also provide that Defendants must pay Plaintiffs' attorneys' fees and costs when a matter is referred to Counsel. ERISA also provides for attorneys' fees and costs.

15. The Bargaining Agreements further require Defendants to submit any and all relevant records to Plaintiffs for examination to determine whether Defendants are making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

16. Plaintiffs are informed and believe that Defendant TFC filed a Certificate of Surrender of Right to Transact Intrastate Business with the California Secretary of State on July 7, 2008. Moreover, the Nevada Secretary of State indicates that Defendant TFC "merged out" effective December 1, 2007. The Certificate of Surrender of Right to Transact Intrastate Business lists the entity (TFC) as organized under the laws of the State of Nevada and lists a service address of 1600 Viceroy, Suite 100, Dallas, TX 75235. This is the same address for Defendants Freeman Expositions LLC and The Freeman Company.

17. Plaintiffs are informed and believe that Freeman Expositions Inc. and/or Freeman Expositions LLC have continued TFC's obligations under the Bargaining Agreements. Plaintiffs are informed and believe that Freeman Expositions Inc. and/or Freeman Expositions LLC have continued reporting contributions to the Plaintiff Trust Funds for hours worked by their employees within IBEW Local 569's jurisdiction.

18. Prior to filing this Complant, Plaintiffs attempted to contact Defendant Freeman Expositions LLC regarding the allegations in this Complaint, to attempt to avoid litigation. Plaintiffs were referred to contacts at Freeman Expositions LLC who are employees of Defendant The Freeman Company.

19. According to the website for the California Contractors' License Board, Defendant Freeman Expositions LLC has only one member, namely Defendant The Freeman Company. The address associated with Freeman Expositions LLC is 1600 Viceroy, Suite 100, Dallas, TX. This is the same address as Defendant The Freeman Company.

20. According to the website for the California Contractors' License Board, Defendant TFC's contractor's license was a class C10, and expired on October 4, 2008. The license for Defendant Freeman Expositions Inc. was a class C10, was issued on October 20, 2007 and expired on October 31, 2019. The license for Defendant Freeman Expositions LLC is a class C10, was issued on November 22, 2019 and remains active.

21. Plaintiffs are informed and believe that Defendant TFC, Defendant Freeman Expositions Inc., Defendant Freeman Expositions LLC, and Defendant The Freeman Company are operating as a single employer and/or are continuations and/or alter egos of one another. Accordingly, Plaintiffs allege that Defendants Freeman Expositions Inc., Freeman Expositions LLC, and the Freeman Company are equally bound to the terms of the Bargaining Agreements referenced above.

<u>Factual Allegations</u>

22. Defendants have failed and refused to comply with an audit of their payroll records for the period from October 1, 2018 through December 31, 2018.

23. Plaintiffs are entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due from Defendants.

### FIRST CAUSE OF ACTION

**For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

24. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 23, above.

25. Defendants have a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreements, and Trust Agreements incorporated therein, to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

26. In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a)

27. By refusing to permit an audit of its records, Defendants breached the Bargaining Agreements and are in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

28. Defendants' failure and refusal to permit the audit and to pay the required contributions was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

29. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

30. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For an order,
   a. requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements, including permitting an audit as requested by Plaintiffs;
   b. enjoining Defendants from violating the terms of those documents and of ERISA; and;
   c. enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendants' business until said

terms have been complied with.

2. For a judgment against Defendants as follows:

 a. Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

  i. To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

  ii. To the Union in accordance with the Bargaining Agreements.

 b. Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

 c. Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B).

3. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

DATED: January 22, 2020        SALTZMAN & JOHNSON LAW CORPORATION

By:    /S/   
Matthew P. Minser
Attorneys for Plaintiffs Boards of Trustees of
the San Diego Electrical Pension Trust, et al.